IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERMAINE WATKINS ) | CASE NO. 1:09CV1995 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| OHIO STATE PENITENTIARY ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

On August 26, 2009, plaintiff *pro se* Jermaine Watkins brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendant Ohio State Penitentiary. He alleges that while being transported to a hospital by prison officials, the driver of the van in which he was riding backed into the building with substantial force which made his neck snap. He has complained to his doctors, and his fiancé called the prison. Plaintiff was given hundreds of two hundred milligram pills that did not help him. He wants the Court to order that he be given an x-ray and any other necessary medical procedures as well as $100,000.00.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). For

the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Bowman v. Corrections Corp. of America,* 350 F.3d 537, 544 (6th Cir. 2003)(citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). *See Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004)(the inmate must have a sufficiently serious medical need such that he is incarcerated under conditions posing a substantial risk of serious harm). He must also must show "that the prison official possessed a 'sufficiently culpable state of mind....' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County,* 408 F.3d 803, 813 (6th Cir. 2005)(quoting *Farmer,* 511 U.S. at 834-35).

Prisoners are not entitled to the best care possible. *Tucker v. Ganshimer,* 2008 WL 4452722, * 7 (N.D. Ohio Sep. 30, 2008)(citing *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997)). The United States Supreme Court has held that, "the question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice..." *Estelle,* 429 U.S. at 107.

2

Plaintiff incurred his alleged injury on October 5, 2008. He has been given medication for pain. However, failure to provide an x-ray in this situation does not amount to a violation of the Eighth Amendment. Further, plaintiff has not shown a substantial risk of serious harm.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: October 15, 2009

/s/ Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE